# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| NATHANIEL HARRIS, | : | |
| Petitioner, | : | |
| VS. | : | Civil Action File No. |
| | : | 1 : 10-CV-65 (WLS) |
| CLAY TATUM, Warden, | : | |
| Respondent. | : | |

## **RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* petition is Respondent's motion to dismiss the petition as being untimely filed (Doc. 11).

Petitioner was indicted by a Decatur County grand jury on May 7, 1991. *Harris v. State*, 263 Ga. 492 n.1, 435 S.E.2d 671 (1993). Following a jury trial on February 10, 1992, Petitioner was convicted of malice murder, for which he received a life sentence. *Id.* Petitioner's conviction and sentence were affirmed on November 1, 1993. *Id.* Petitioner filed a state habeas corpus petition on June 16, 2009. The respondent in that case moved to dismiss the petition as untimely, and following a hearing on November 20, 2009, the state habeas, in a written order, dismissed the petition as untimely on December 7, 2009. (Resp. Ex. 3). Petitioner filed an application for a certificate of probable cause to appeal, which was denied by the Georgia Supreme Court on May 3, 2010. Petitioner executed this federal petition on May 10, 2010.

Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d). On April 24, 1996, the one-year period of limitations for state prisoners seeking federal habeas corpus relief, enacted as part of the AEDPA, went into effect. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Section 2244(d) of the AEDPA provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under the AEDPA, petitioner had until April 23, 1997 in which to file timely petitions challenging his previous convictions, which were all final by the date of the enactment of the AEDPA. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998).

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. *Clay v. United States*, 537 U.S. 522, 527 (2003).

Because Petitioner's conviction and sentence were "final" before the enactment of the AEDPA, he had until April 23, 1997— one year from the date of enactment the AEDPA—to file his petition. *Wilcox*, 158 F.3d at 1211. It is apparent on the face of the record that petitioner failed to file the instant petition within the one year grace period given federal and state prisoner's whose convictions were final on or before April 24, 1996, in which to comply with the period of limitations. It is also clear that petitioner failed to properly toll the grace period.

Liberally construing his argument in his responsive brief, Petitioner argues that he is entitled to equitable tolling because the sentencing court did not perform its mandatory duty under state law to

inform him of his appellate and collateral attack rights and responsibilities; therefore he was ignorant of the requirement to file his state collateral attack within a certain period of time in order to preserve his right to federal collateral review of his conviction.

Petitioner misunderstands the issue. The time for filing a federal habeas petition was already long over before he filed his state habeas petition. Therefore his request that the state post-conviction limitations period be tolled does not help him.

Petitioner also claims that he was continuously filing various, unnamed motions in the trial court all the way up to June 2009, when he received a final order from the trial judge that all motions had been denied, suggesting that Petitioner file a habeas petition.

In *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly..... it can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir.2001); *see also Sandvik*, 177 F.3d at 1271. (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."

Because of the difficult burden, this Court has rejected most claims for equitable tolling. *See*, e.g., *Johnson v. United States*, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction

3

during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); *Helton*, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Sandvik, supra* (holding that attorney negligence will not warrant equitable tolling).

Petitioner's arguments do not excuse why he failed to timely file the instant petition or otherwise toll the filing period during the one year grace period. Petitioner offers no explanation of the large gap in time between November of 1993 when his conviction was affirmed on direct appeal and June of 2009, when he filed his state habeas petition, during which large gap absolutely nothing was pending. He offers no example of his due diligence during that time. It is clear that petitioner did not timely file the instant petition.

Therefore, it is the RECOMMENDATION of the undersigned that Respondent's motion to dismiss the petition as untimely be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 2nd day of December, 2010.

        //S Thomas Q. Langstaff
        THOMAS Q. LANGSTAFF
        UNITED STATES MAGISTRATE JUDGE

msd