# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

NATHANIEL HARRIS, :
　　　　　　　　　　　　　　　　　　　　:
　　　Petitioner, :
　　　　　　　　　　　　　　　　　　　　:
v. : CASE NO.: 1:10-CV-65 (WLS)
　　　　　　　　　　　　　　　　　　　　:
CLAY TATUM, :
　　　　　　　　　　　　　　　　　　　　:
　　　Respondent. :
_____ :

## **ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed December 2, 2010. (Doc. 16). It is recommended that Respondent's Motion to Dismiss Petition as Untimely (Doc. 11) be granted. (Doc. 16 at 4). Petitioner timely filed an Objection. (Doc. 18).

For the following reasons, the objections set forth in Petitioner's Objection (Doc. 18) are **OVERRULED** and United States Magistrate Judge Langstaff's December 2, 2010 Report and Recommendation (Doc. 16) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Respondent's Motion to Dismiss Petition as Untimely (Doc. 11) is **GRANTED**, and consequently Petitioner's Application for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED**.

Petitioner's Objection (Doc. 18) reasserts an argument regarding the claim of untimeliness that is raised in his Response to Respondent's Motion to Dismiss (Doc. 14). That argument is as follows. Petitioner argues that because the state sentencing court failed to inform him of the deadline for filing his state habeas corpus petition, which Petitioner asserts is required

1

by the sentencing court under O.C.G.A. § 9-14-42(d), he had no knowledge of the filing deadline for his state habeas corpus petition. Petitioner states that this omission by the state sentencing court is the cause of his untimely state habeas corpus petition. Petitioner asserts that his federal habeas corpus filing deadline should be equitably tolled, because of the state sentencing court's alleged failure to comply with O.C.G.A. § 9-14-42(d), and Petitioner's subsequent unknowing failure to timely file his state habeas corpus petition.

Petitioner's Objection is **OVERRULED**. Although the transcript of Petitioner's state court sentencing is not on the record (*see generally* Docket), this Court will view Petitioner's assertions in a light most favorable to Petitioner. Assuming for the sake of argument, therefore, that the state sentencing court failed to advise Petitioner of his state habeas corpus filing deadline, this Court finds that said omission is insufficient to qualify for the "extraordinary remedy" of equitable tolling of his federal habeas corpus petition. Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001).

Petitioner's state court sentencing presumably occurred in the early 1990s, between his February 10, 1992 trial and the November 1, 1993 affirmation of his conviction and sentence. (*See* Doc. 11-1 at 1 (providing procedural history of Petitioner's case)). The version of O.C.G.A. § 9-14-42 that Petitioner's Objection cites was adopted more than a decade later, in 2004. O.C.G.A. § 9-14-42 (legislative history). That 2004 version requires a state sentencing court to inform the defendant of his state habeas corpus filing deadline, O.C.G.A. § 9-14-42(d), which for "any person whose conviction has become final as of July 1, 2004, regardless of the date of conviction, [they] shall have … until July 1, 2008, in the case of a felony to bring an action pursuant to [the habeas corpus] Code section." O.C.G.A. § 9-14-42(c)(1). Naturally, it was impossible for the state sentencing court in the early 1990s to advise Petitioner of a filing

2

deadline that was not created until 2004. It was Petitioner's responsibility, while he was in prison serving his sentence, to know of the 2004 change in the state law; the early 1990s state sentencing court had no statutory obligation to inform Petitioner of the 2004 enactment.

This Court's review of the state habeas corpus court's Order Dismissing Petition as Untimely (Doc. 12-3) shows that the court gave Petitioner full consideration under the 2004 version of O.C.G.A. § 9-14-42(c), finding that his "habeas corpus petition had to be filed by July 1, 2008." (Doc. 12-3 at 3). Because Petitioner's state habeas corpus petition was not filed until June 16, 2009, the court dismissed the petition as untimely. (*Id.*). And because Petitioner's untimely state habeas corpus petition was not "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," 28 U.S.C. § 2244(d)(2), Petitioner's federal habeas corpus petition is not eligible for the tolling provision provided in the federal statute. *See* 28 U.S.C. § 2244(d)(2).

Being ineligible for tolling, the deadline for Petitioner's federal habeas corpus petition regarding his 1992 conviction was April 23, 1997, one year from the date that the AEDPA became effective. *See* Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). Petitioner's federal habeas corpus petition was executed by Petitioner on May 10, 2010. (Doc. 1). Petitioner's federal habeas corpus petition was therefore untimely, and this Court finds that Petitioner's Objection (Doc. 18) fails to rebut the legally sound recommendation of Judge Langstaff. Accordingly, Petitioner's Objection is **OVERRULED**.

## **CONCLUSION**

For the foregoing reasons, the objections set forth in Petitioner's Objection (Doc. 18) are **OVERRULED** and United States Magistrate Judge Langstaff's December 2, 2010 Report and Recommendation (Doc. 16) is **ACCEPTED, ADOPTED** and made the Order of this Court for

reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Respondent's Motion to Dismiss Petition as Untimely (Doc. 11) is **GRANTED**, and consequently Petitioner's Application for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED**.

    **SO ORDERED**, this  5th  day of January, 2011.

                                              /s/ W. Louis Sands
                                             **THE HONORABLE W. LOUIS SANDS,
                                             UNITED STATES DISTRICT COURT**